UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRIENDS OF WARM MINERAL
SPRINGS, INC., et al.,

    Plaintiffs,

v.                                                            CASE NO. 8:13-cv-3236-T-23TGW

GINA MCCARTHY, et al.,

    Defendants.
_____/

**ORDER**

A May 8, 2015 order (Doc. 97) grants the defendants' motions for summary judgment and closes the case. The City of North Port, one of the defendants, moves (Docs. 99, 102) for an attorney's fee and for costs under Rule 11, Federal Rules of Civil Procedure, and under Section 505(d) of the Clean Water Act. Under Rule 11(b), counsel must certify that "the claims . . . are warranted by existing law" and that "the factual contentions have evidentiary support." Under Rule 11(c), an opposing party may request a sanction for an alleged violation of Rule 11(b). "Rule 11[c] sanctions are properly assessed (1) when . . . a pleading . . . has no reasonable factual basis [or] (2) when . . . a pleading . . . is based on a legal theory that has no reasonable chance of success." *Massengale v. Ray*, 267 F.3d 1298, 1301 (11th Cir. 2001).

Section 505(d) states, "The court . . . may award costs of litigation (including reasonable attorney . . . fees) to any prevailing . . . party, whenever the court determines such award is appropriate." In other words, the "award of fees [under Section 505(d)] is within the discretion of the district court."[1] *Atlantic States Legal Found., Inc. v. Tyson Foods, Inc.*, 897 F.2d 1128, 1143 (11th Cir. 1990); *see also Friends of the Everglades v. S. Fla. Water Mgmt. Dist.*, 678 F.3d 1199, 1201 (11th Cir. 2012) ("We review the denial of a motion for attorneys' fees and costs for abuse of discretion."). However, if a district court denies "fees and costs," the district court must establish "good cause" by "articulat[ing] the decisions it made [and] giv[ing] principled reasons for those decisions." *Atlantic States*, 897 F.2d at 1143 (citing *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988)).

---

[1] The City argues that, because the City is "the clear prevailing party in this action," the City "is entitled to its attorneys' fees and costs." (Doc. 102 at 3) However, the plaintiffs dispute whether the City is a "prevailing party." (Doc. 105 at 2 ("An award of attorney's fees under the Clean Water Act to defendants [is] not possible when the plaintiffs' citizen suit was dismissed or barred on procedural grounds such as a lack of subject matter jurisdiction."))

Further, discussing the grant of an attorney's fee under 42 U.S.C. § 2000e-5(k) (which is substantially similar to Section 505(d)), *Christiansburg Garment Co. v. Equal Employment Opportunity Commission*, 434 U.S. 412, 422 (1978), explains:

> [A]ssessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII [of the Civil Rights Act of 1964]. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

*See Morris-Smith v. Moulton Niguel Water Dist.*, 234 F.3d 1277 (9th Cir. 2000) (per curiam) ("[A] prevailing defendant's motion for attorney's fees under the [Clean Water Act] is evaluated under the standard of *Christiansburg*."); *Sierra Club v. City of Little Rock*, 351 F.3d 840, 847 (8th Cir. 2003) (Hansen, J.) (applying *Christiansburg* to the Clean Water Act).

Granting summary judgment in favor of the defendants, the May 8, 2015 order holds that, because pollutants "were released into [Warm Mineral Springs] more than five years before the start of this action, the five-year limitation in 28 U.S.C. § 2462 bars this action."[2] (Doc. 97 at 6) Requesting an attorney's fee and costs, the City argues that "[i]t is clear that [the plaintiffs] have ignored the implication of the Statute of Limitations to their claims."[3] (Doc. 99 at 6) However, as the plaintiffs argue, "[o]ther district courts have ruled" that "the five-year statute of limitations . . . does not begin to run as long as the fill remains in place."[4] (Doc. 105 at 6, 7) No binding authority directly addresses when the five years begins.

---

[2] The plaintiffs sued because the defendants allegedly allowed "offsite" sand, fifty-five-gallon drums, and plastic sheeting to remain in Warm Mineral Springs — a 200-foot-deep, warm water, spring-fed pond in North Port, Florida.

[3] The City's motion for summary judgment contained five arguments — (1) "past, not continuing violations"; (2) "no successor liability"; (3) "statute of limitation"; (4) "impossibility"; and (5) "no harm shown." (Doc. 79 at 15, 17, 18, 21, 22) Requesting an attorney's fee and costs, the City assumes that the May 8, 2015 order granting summary judgment resolves each of the five arguments in favor of the City. However, the May 8, 2015 order adopts only one of the five arguments — that "the applicable, five-year limitation bars this action." (Doc. 97 at 3)

[4] *E.g.*, *Stillwater of Crown Point Homeowner's Ass'n v. Kovich*, 820 F. Supp. 2d 859, 896 (N.D. Ind. 2011) (Cherry, J.) ("[T]he five-year statute of limitations . . . does not begin to run as long as the fill remains in place."); *Center for Biological Diversity v. Marina Point Dev. Assocs.*, 434 F. Supp. 2d 789, 798 (C.D. Cal. 2006) (Real, J.) ("Violations are deemed 'continuing' when the violator (1) illegally dumps fill material in wetlands or other federal waters; and (2) is in a position to remove the pollutants but fails to do so."); *United States v. Reaves*, 923 F. Supp. 1530, 1534 (M.D. Fla. 1996) (Schlesinger, J.) (holding that, because "Defendant's unpermitted discharge of . . . fill . . . is a continuing violation for as long as the fill remains[,] . . . the five-year statute of limitations under [Section 2462] has not yet begun to run").

The plaintiffs' argument, although ultimately unsuccessful, was neither unreasonable nor groundless. The plaintiffs' suit warrants neither a Rule 11 nor a Section 505(d) sanction. The City's motions (Docs. 99, 102) for an attorney's fee and for costs under Rule 11 and under Section 505(d) are **DENIED**.

ORDERED in Tampa, Florida, on July 28, 2015.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE